**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

STEVEN SCHNEIDER, P.E.,                :    **No.: 16-CV-6560**

                                        :

               Plaintiff,        :    **COMPLAINT**

                                          :

              -v.-             :

                                          :    **JURY TRIAL DEMANDED**

COMMISSIONER RICK D. CHANDLER, P.E. in his    :
individual and official capacities, ASSISTANT    :
COMMISSIONER ALEXANDRA FISHER, ESQ. in her  :
individual and official capacities, ASSISTANT    :
COMMISSIONER TIMOTHY LYNCH, P.E. in his    :
individual and official capacities, MATTHEW BURDGE,  :
ESQ. in his individual and official capacities, MICHAEL  :
MORELLI, ESQ. in his individual and official capacities,  :
RONALD PARK, ESQ. in his individual and official    :
capacities, YEGAL SHAMASH, ESQ. in his individual and  :
official capacities, BOROUGH COMMISSIONER IRA    :
GLUCKMAN, R.A. in his individual and official capacities,  :
THE CITY OF NEW YORK, and JOHN AND JANE DOES  :
NOS. 1-10,                                      :

                      Defendants.    :
------------------------------------------------------------------------X

     Plaintiff STEVEN SCHNEIDER, P.E., by and through his counsel, KLEIN SLOWIK

PLLC, for his Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

    1.     Regulatory officials are supposed to enforce the law, not ignore it and defy it; yet

that is what Defendants herein did, when they stripped Plaintiff STEVEN SCHNEIDER, P.E. of

a valuable professional credential, under color of law but without due process.

    2.     The individual Defendants, all of whom are officers of the New York City

Department of Buildings ("DOB"), showed contempt and disdain not only for the constitutional

rights of Mr. Schneider, but also for the laws and rules that they are sworn to enforce, when they

revoked his privileges as a Special Inspector without the administrative hearing to which he was

entitled – pursuant to a rule made by DOB itself.

1

3.      As a result, Mr. Schneider brings the within action, pursuant to 42 U.S.C. §§ 1983 and 1988, in which he seeks relief for injury to his civil and legal rights, in violation of the United States Constitution, by Defendants THE CITY OF NEW YORK and DOB officials COMMISSIONER RICK D. CHANDLER in his individual and official capacities, ASSISTANT COMMISSIONER ALEXANDRA FISHER, ESQ., in her individual and official capacities, ASSISTANT COMMISSIONER TIMOTHY LYNCH, P.E., in his individual and official capacities, MATTHEW BURDGE, ESQ. in his individual and official capacities, MICHAEL MORELLI, ESQ. in his individual and official capacities, RONALD PARK, ESQ. in his individual and official capacities, YEGAL SHAMASH, ESQ.  in his individual and official capacities, and JOHN AND JANE DOES NOS. 1-10.

## JURISDICTION AND VENUE

4.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fifth and Fourteenth Amendments to the United State Constitution.  Jurisdiction is conferred upon this Court by Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

5.      Venue in this District is proper pursuant to 28 U.S.C. § 1391 in that Defendant CITY OF NEW YORK is administratively located within the Southern District of New York, and the events giving rise to this action occurred within the boundaries of this District.

## JURY TRIAL DEMANDED

6.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on each and every claim as pleaded herein.

## PARTIES

7.    Plaintiff is, and at all times relevant, has been a Professional Engineer licensed by the State of New York.  Prior to the events discussed herein, Plaintiff was a Special Inspector in the City of New York, approved as such by Defendant New York City Department of Buildings, pursuant to Article 115 of Chapter 1 of Title 28 of the New York City Administrative Code, and Title 1, Section 101-06 of the Rules of the City of New York ("RCNY").

8.    Defendant THE CITY OF NEW YORK ("City"), at all times discussed herein, was and is a domestic municipal corporation, duly organized under and by virtue of the laws of the State of New York, was and is a "person" subject to suit under 42 U.S.C. §1983, and was and is responsible for the regulation of Special Inspections, Special Inspectors, and Special Inspection Agencies, which it effectuates through its agency New York City Department of Buildings ("DOB").

9.    Defendant RICK D. CHANDLER, P.E., is a natural person, was and is a "person" subject to suit under 42 U.S.C. §1983, was and is a Professional Engineer, licensed by New York State, and at all times discussed herein, was and is DOB's Commissioner, the highest-ranking person in that agency of Defendant City, appointed as such by the Mayor thereof.

10.    Defendant ALEXANDRA FISHER, ESQ., is a natural person, is an attorney admitted to the bar of the State of New York, and at all times discussed herein, was and is DOB's Deputy Commissioner of Legal Affairs, the highest-ranking legal position in that agency of Defendant City.

11.    Defendant ASSISTANT COMMISSIONER TIMOTHY LYNCH, P.E., is a natural person, was and is a "person" subject to suit under 42 U.S.C. §1983, was and is a

3

Professional Engineer, licensed by New York State, and at all times discussed herein, was and is DOB's Assistant Commissioner, Investigative Engineering Services.

12.    Defendant MATTHEW BURDGE, ESQ., is a natural person, was and is a "person" subject to suit under 42 U.S.C. §1983, was and is an attorney admitted to the bar of the State of New York, and at all times discussed herein, was and is DOB's Deputy Director of Special Enforcement.

13.    Defendant MICHAEL MORELLI, ESQ., is a natural person, was and is a "person" subject to suit under 42 U.S.C. §1983, was and is an attorney admitted to the bar of the State of New York, and at all times discussed herein, was and is an attorney in DOB's Special Enforcement Unit.

14.    Defendant RONALD PARK, ESQ., is a natural person, was and is a "person" subject to suit under 42 U.S.C. §1983, was and is an attorney admitted to the bar of the State of New York, and at all times discussed herein, was and is an attorney in DOB's Special Enforcement Unit.

15.    Defendant YEGAL SHAMASH, P.E., is a natural person, was and is a "person" subject to suit under 42 U.S.C. §1983, was and is a Professional Engineer, licensed by New York State, and at all times discussed herein, was and is an engineer in DOB's Investigative Engineering Services unit.

16.    Defendant BOROUGH COMMISSIONER IRA GLUCKMAN, R.A., is a natural person, was and is a "person" subject to suit under 42 U.S.C. §1983, was and is a Registered Architect, licensed by New York State, and at all times discussed herein, was and is DOB's Brooklyn Borough Commissioner.

17.     Defendants JOHN AND JANE DOES NOS. 1-10 are persons whose identities are currently unknown to Plaintiff.   Plaintiff shall seek to amend the instant complaint to add these John and Jane Does as named defendants as their identities and culpability for the events complained of herein are revealed.

## NATURE OF THE ACTION

18.     The Complaint, pursuant to 42 U.S.C. §1983, asserts claims sounding in the Fifth and Fourteenth Amendments of the United States Constitution.

19.     Plaintiff brings his claims because Defendants revoked his privileges to work in New York City as a Special Inspector without following the process required by law therefor.

20.     Defendants unilaterally revoked Plaintiff's privileges without proffering formal charges against Plaintiff, and trying those charges at an administrative tribunal, before a neutral hearing officer, with a full range of procedural rights and protections, as required by law.

21.     These unlawful actions by Defendants are the predicate for all of Plaintiff' causes of action as pleaded herein.

## FACTS

22.     New York City Administrative Code Title 28, Chapter 1, Article 115 commends to the Commissioner of DOB the oversight of Special Inspectors.

23.     New York City Administrative Code §28-101.5 defines a Special Inspector as follows:

> SPECIAL INSPECTOR. An individual having required qualifications and authorized by the department [DOB] to perform or witness particular special inspections required by this code or by rules of the department, including but not limited to a qualified registered design professional so authorized.

24. New York City Administrative Code §28-101.5 defines a Special Inspection Agency as follows:

> SPECIAL INSPECTION AGENCY. An agency employing one or more persons who are special inspectors and that meets the requirements of department rules.

25. New York City Administrative Code §28-101.5 defines a Special Inspection as follows:

> SPECIAL INSPECTION. Inspection of selected materials, equipment, installation, fabrication, erection or placement of components and connections, to ensure compliance with approved construction documents and referenced standards as required by chapter 17 of the New York city building code or elsewhere in this code or its referenced standards.

26. The qualifications for a Special Inspector are set forth in the Rules of the City of New York ("R.C.N.Y."), the body of rules and regulations for Defendant City, at 1 R.C.N.Y. §101-06, and depending on the type of inspections to be done, include the possession of a New York State license as an architect or engineer, a degree in architecture and engineering, and/or relevant professional experience.

27. Prior to the events discussed herein, Plaintiff, a licensed Professional Engineer in the State of New York, had been authorized as a Special Inspector in New York City by DOB, and had conducted a business as same.

28. In an "ORDER OF THE COMMISSIONER," dated November 2, 2015, signed by Defendant Fisher, DOB directed Plaintiff as follows:

> **YOU ARE ORDERED THAT** pursuant to Section 28-115.3 of the New York City Building Code requiring special inspectors to maintain records of special inspections for at least six years, and requiring special inspectors to make such records available to the department upon request, and further pursuant to Section 28-104.7.11, allowing the Commissioner to require other information as necessary to determine compliance with the Building Code and other applicable laws and rules**, YOU MUST PRODUCE TO THE DEPARTMENT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF THIS LETTER:**

(Boldface and capitalization emphasis in original).

29.     The "ORDER OF THE COMMISSIONER" continued by directing Plaintiff to

produce "[a]ll documents pertaining to the following job applications:"

30.     Following was a list of seven job applications, submitted by Plaintiff to DOB, for

special inspections at construction sites in the New York City boroughs of Brooklyn and Queens.

31.     The "ORDER OF THE COMMISSIONER" continued:

> **YOU HAVE TEN (10) BUSINESS DAYS** from the date of this order in which
> to comply with the demand for materials.
>
> You are further required to appear for a meeting to review the aforementioned
> inspections, associated documentation, as well as your qualification to perform
> such inspections. This meeting will be held on **December 10, 2015 at 1:00 PM at
> 280 Broadway, 5th floor, Manhattan** [place of business of DOB]… This meeting
> will be recorded and you may be accompanied by legal counsel.
>
> (Boldface and capitalization emphasis in original).

32.     On January 7, 2016, following an adjournment, Plaintiff appeared personally at

DOB, accompanied by counsel, as directed by the "ORDER OF THE COMMISSIONER."

33.     Representing DOB at the "meeting" on January 7, 2016, were Defendant Burdge,

Defendant Morelli, Defendant Park, Defendant Lynch, and Defendant Shamash ("the 'Meeting'

Defendants").

34.     Under color of law, these five individual Defendants, all licensed attorneys and

engineers, questioned Plaintiff for several hours regarding the seven jobs named in the "Order of

the Commissioner" and Plaintiff's inspections at these jobs.

35.     At the "meeting," the "Meeting" Defendants never informed Plaintiff that the

"meeting" was, in actuality, an adjudication, or a part of an adjudication, in which Defendants

were proceeding to disqualify him as a Special Inspector.

36.     At the "meeting," the "Meeting" Defendants never informed Plaintiff that Defendants had a duty at law to commit any effort to disqualify him as a Special Inspector to a formal hearing, at an independent tribunal, presided over by a neutral administrative law judge, as per the laws and rules cited extensively herein.

37.     At the "meeting," the "Meeting" Defendants never informed Plaintiff that Defendants had a duty at law to extend to him extensive procedural protections in any hearing to disqualify him as a Special Inspector, as per the laws and rules cited extensively herein.

38.     By letter dated February 2, 2016, signed by Defendant Burdge, DOB informed Plaintiff as follows:

> On November 2, 2015, you were sent an Order of the Commissioner that required production of documents relating to performance of special inspections for six jobs at five separate premises (see attached Order). Furthermore, you appeared for a meeting to discuss these inspections on January 7, 2016 with Matthew Burdge, Esq. of the Department's Special Enforcement Team, and Timothy Lynch, P.E. and Yegal Shamash, P.E. of the Department's Investigative Engineering Services Unit. The documents provided in response to the Commissioner's Order and the information provided during the meetings were insufficient to address the Department's significant concerns as to your fundamental understanding of the responsibilities of a special inspector and your ability to properly conduct special inspections.

39.     The February 2, 2016 letter enumerated DOB's "concerns" with Plaintiff's conduct as a Special Inspector, and continued by stating:

> Based on these concerns relating to your performance of special inspections, **the New York City Department of Buildings intends to disqualify you from performing special inspections in accordance with §28-115.2 of the Administrative Code of the City of New York.** This letter shall serve as your notice of this proposed action. If you choose to contest this proposed action, **within three (3) business days from the date of this letter** you must contact Buildings Pahola Dominguez at (212) 393-2299 to schedule a meeting. Such meeting shall take place **within ten (10) business days from the date of your call,** and you must personally appear for the meeting. The meeting will be recorded and you may bring legal counsel if you wish. If you wish to provide additional documents for this meeting, copies must be delivered no later than five (5) days prior to the scheduled meeting date, directly to the attention of:

Matthew Burdge
New York City Department of Buildings Special Enforcement Unit
280 Broadway, 5th Floor
New York, NY 10007

Should you fail to contact Ms. Dominguez within the specified time or appear for a meeting within the specified time, the Department will disqualify you from performance of special inspections.

You may contact me if you have any questions.  I can be reached at (212) 393-2708, or at mburdge@buildings.nyc.gov.

Sincerely,

/s/
Matthew Burdge

(Boldface emphasis in original).

40.    By letter dated February 8, 2016 – three business days later – signed by Defendant Burdge, DOB informed Plaintiff as follows:

**<u>Re: Disqualification From Special Inspections</u>**

Dear Mr. Schneider:

On November 2, 2015, you were sent an Order of the Commissioner that required production of documents relating to performance of special inspections for six jobs at five separate premises (see attached Order). Furthermore, you appeared for a meeting to discuss these inspections on January 7, 2016 with Matthew Burdge, Esq. of the Department's Special Enforcement Team, and Timothy Lynch, P.E. and Yegal Shamash, P.E. of the Department's Investigative Engineering Services Unit.

The documents provided in response to the Commissioner's Order and the information provided during the meetings were insufficient to address the Department's significant concerns as to your fundamental understanding of the responsibilities of a special inspector and your ability to properly conduct special inspections. Such concerns include but are not limited to:

41.    As with DOB's February 2, 2016 letter to Plaintiff, DOB's February 8, 2016 letter enumerated DOB's "concerns" regarding Plaintiff, and then continued:

Based on these concerns relating to your performance of special inspections, a follow-up letter was sent on February 2, 2016, informing you of the Department of Buildings' intent to disqualify you from performing special inspections in accordance with §28-115.2 of the Administrative Code of the City of New York and directing you to schedule a meeting within three (3) business days in order to contest the proposed disqualification. The Department has not received a meeting request within the allocated time to contest the proposed action.

**Accordingly, beginning immediately, YOU ARE DISQUALIFIED FROM CONDUCTING SPECIAL INSPECTIONS AND PROGRESS INSPECTIONS IN THE CITY OF NEW YORK. The Department will no longer accept TR-1 forms bearing your signature and seal in any capacity other than as the Design Applicant.**

**You have 15 days in which to notify the Department of all special inspections and progress inspections for which you are currently responsible.**

Such notice is to be sent to the attention of Pahola Dominguez at pdominguez@buildings.nyc.gov, or by mail to Ms. Dominguez' attention at 280 Broadway, 5th Floor, New York, NY, 10007.

**Further, it is your responsibility to notify anyone affected by this disqualification.**

For any additional questions on this matter, please contact Matthew Burdge at (212) 393-2708, or at mburdge@buildings.nyc.gov.


Sincerely,

/s/
Matthew Burdge

(Boldface and all-capitals emphasis in original).


42.    Chapter 45 of the New York City Charter, also known as the City Administrative Procedure Act ("CAPA"), sets forth requirements for administrative adjudications for Defendant City and its instrumentalities, including DOB.

43.    CAPA §1041(2) defines "Agency" as "any one or more of the elected or appointed officers provided for in this charter and any other official or entity which is acting (1) under the

direction of one or more of such officers, (2) under the direction of one or more other officials who are appointed by, or appointed on the recommendation of, such officers, or (3) under the direction of a board, the majority of whose members are appointed by, or appointed upon the recommendation of, one or more of such officers, but shall not include the city council."

44.     CAPA §1045(1) defines "Adjudication" as "a proceeding in which the legal rights, duties or privileges of named parties are required by law to be determined by an agency on a record and after an opportunity for a hearing."

45.     CAPA §1046 states in its entirety:

§ 1046 Adjudication.

Where any agency is authorized to conduct an adjudication, it shall act, at a minimum, in accordance with the provisions set forth below. The parking violations bureau shall not be subject to the requirements of this section.

a. Notice. All parties shall be given reasonable notice of such hearing, which shall include:
1. a statement of the nature of the proceeding and the time and place it will be held, if applicable;
2. a statement of the legal authority and jurisdiction under which the hearing is to be held, and a reference to the particular sections of the law and rules involved; and
3. a short and plain statement of the matters to be adjudicated, including reference to the particular sections of law and rule involved.

b. Notice of agency procedures. Agencies shall adopt rules governing agency procedures for adjudications and appeals. Agencies shall make a copy of any such rule available, upon request, to any party who has received notice of violation of the laws, rules or orders enforced by the agency.

c. Hearing. 1. All parties shall be afforded an opportunity for a hearing within a reasonable time. At the hearing the parties shall be afforded due process of law, including the opportunity to be represented by counsel, to issue subpoenas or request that a subpoena be issued, to call witnesses, to cross-examine opposing witnesses and to present oral and written arguments on the law and facts. Adherence to formal rules of evidence is not required. No ex parte

11

communications relating to other than ministerial matters regarding a proceeding shall be received by a hearing officer, including internal agency directives not published as rules.

2. Findings of fact shall be based exclusively on the record of the proceeding as a whole. Except as otherwise provided for by state or local law, the party commencing the adjudication shall have the burden of proof.

3. The hearing shall be transcribed or recorded and a copy of the transcript or record, or any part thereof, shall be made available to any party to the hearing upon request therefor. A typed or recorded copy of such transcript shall be provided upon request for a reasonable cost.

d. Informal disposition. Unless precluded by law, informal disposition may be made of any matter which is the subject of an adjudication by methods of alternative dispute resolution, stipulation, agreed settlement, or consent order.

e. Hearing officer. Except as otherwise provided for by this charter the person presiding at a hearing shall be assigned solely to adjudicative and related duties. Except as otherwise provided for by the rules of the agency or by order of the mayor issued in accordance with subdivisions two and three of section one thousand forty-eight, such hearing officer shall make final findings of fact and shall not make any final decision, determination, or order, but shall only recommend such, and shall forward such recommendation and the record of the adjudication to the agency, who may adopt, reject or modify any such recommended decision, determination or order.

f. Recommendation or decision. Any recommended decision, final decision, determination or order shall be in writing, or stated in the record if the parties are present, and shall include findings of fact and conclusions of law. A copy of any written recommended decision, final decision, determination, or order shall be delivered or mailed forthwith to each party.

46.    New York City Charter §1048 establishes the New York City Office of Administrative Trials and Hearings ("OATH"), and provides that OATH "shall conduct adjudicatory hearings for all agencies of the city unless otherwise provided for by executive order, rule, law or pursuant to collective bargaining agreements."

47.    New York City Charter §1049 provides for the appointment of administrative law judges at OATH, who must be attorneys admitted to the practice of law in New York State for at least five years.

48.    The OATH rules of practice are codified in Chapter 1 of Title 48 of the Rules of the City of New York ("R.C.N.Y."), the body of rules and regulations for Defendant City.

49.    48 R.C.N.Y. §1-01 contemplates that OATH hearings shall be conducted by an administrative law judge who is an appointee of OATH, and not an officer or employee of the agency of Defendant City referring charges to OATH.

50.    48 R.C.N.Y. §1-22 identifies the type of notice required to be given by a city agency initiating a proceeding at OATH, in the form of a petition:

> The petition shall include a short and plain statement of the matters to be adjudicated, and, where appropriate, specifically allege the incident, activity or behavior at issue as well as the date, time, and place of occurrence. The petition shall also identify the law, rule, regulation, contract provision, or policy that was allegedly violated and provide a statement of the relief requested. If the petition does not comply with this provision, the administrative law judge may direct, on the motion of a party or sua sponte, that the Plaintiff re-plead the petition.

51.    48 R.C.N.Y. §1-23 governs service of the petition:

> The Plaintiff shall be responsible for serving the respondent with the petition. The petition shall be accompanied by a notice of the following: the respondent's right to file an answer and the deadline to do so under § 1-24; the respondent's right to representation by an attorney or other representative; and the requirement that a person representing the respondent must file a notice of appearance with OATH. The notice shall include the statement that OATH's rules of practice and procedure are published in Title 48 of the Rules of the City of New York, and that copies of OATH's rules are available at OATH's offices or on OATH's website www.nyc.gov/oath.

> Service of the petition shall be made pursuant to statute, rule, contract, or other provision of law applicable to the type of proceeding being initiated. Absent any such applicable law, service of the petition shall be made in a manner reasonably calculated to achieve actual notice to the respondent. Service by certified mail, return receipt requested, contemporaneously with service by regular first-class

mail, shall be presumed to be reasonably calculated to achieve actual notice. Appropriate proof of service shall be maintained.

A copy of the petition and accompanying notices, with proof of service, shall be filed with OATH at or before the commencement of the trial.

52.    48 R.C.N.Y. §1-24 allows a respondent in an OATH proceeding to submit

a formal answer to charges:

The respondent may serve and file an answer to the petition within eight days of service of the petition if service was personal, or within thirteen days of service of the petition if service was by mail, unless a different time is fixed by the administrative law judge. In the discretion of the administrative law judge, the respondent may be required to serve and file an answer. Failure to file an answer where required, may result in sanctions, including those specified in § 1-33(e).

53.    48 R.C.N.Y. §1-33 provides a respondent in an OATH proceeding with specific

rights to make discovery demands, without leave of the tribunal:

Requests for production of documents, for identification of trial witnesses, and for inspection of real evidence to be introduced at the trial may be directed by any party to any other party without leave of the administrative law judge.

54.    48 R.C.N.Y. §1-43 enables a respondent in an OATH proceeding to apply to the

presiding administrative law judge for issuance of subpoenas for persons or documents:

A subpoena *ad testificandum* requiring the attendance of a person to give testimony prior to or at a trial or a subpoena *duces tecum* requiring the production of documents or things at or prior to a trial may be issued only by the administrative law judge upon application of a party or *sua sponte*.

55.    With regard to discipline of Special Inspectors, New York City Administrative

Code §28-115.2, effective July 1, 2008, states as follows:

**The commissioner** [of DOB] may disqualify a special inspection agency or a special inspector from performing special inspections pursuant to this code for cause. **The special inspection agency or special inspector shall be given prior notice of the proposed disqualification and the opportunity to contest such action**. A list of special inspection agencies and special inspectors who have been disqualified from performing special

inspection shall be maintained and made available to the public upon request.

(Emphasis added).

56.     CAPA §1043 sets forth the procedure that agencies of Defendant City must

follow in promulgating rules, including, *inter alia,* publication of a proposed rule in the City

Record (a publication for the New York City government serving a similar function as the

Federal Register serves for the United States government, including, *inter alia,* publication of

proposed rules and of notice of adoption of rules); holding of public hearings and solicitation of

public comments concerning the proposed rule; review of the text of the rule by the office of the

mayor and by the corporation counsel of Defendant City; and publication of the final rule in the

City Record, accompanied by a statement of purpose therefor.

57.     On February 13, 2009, DOB, as per the procedure set forth in CAPA §1043,

published in the City Record a notice of its adoption of a new rule, 1 R.C.N.Y. §105-05.

58. 1 R.C.N.Y. §105-05, "Adjudications," states, in pertinent part:

> (a) Hearings concerning the following matters under the jurisdiction of the Department **shall be held before the Office of Administrative Trials and Hearings** and **shall be governed by the rules of procedure utilized at that tribunal**…
>
> (2) Proceedings pursuant to Administrative Code §§28-104.2.1, §28-114.1 and **§28-115.2** [*see* Paragraph 40, *supra*] seeking the suspension, revocation, **disqualification** or other limitation, with or without penalties, of the authority of any licensee or holder of a certificates of competence issued by the Department, approved agency, **special inspector**, registered design professional or any other person to conduct inspections of work or tests or to participate in any program authorizing either less than full examination of documents based on a registered design professional's professional certification or self-certification of the results of document preparation or review or an inspection.
>
> (Emphasis added).

59.    The "Statement of Basis and Purpose" accompanying the notice of adoption of 1

R.C.N.Y. §105-05 in the City Record on February 13, 2009 read, in pertinent part:

> This rule is promulgated as an update of the Department's [i.e. DOB's]
> current rule governing adjudications. 1 R.C.N.Y. 13-11 et seq. It
> makes three changes.
>
> First, rather than separately list each license type whose disciplinary proceedings
> are returnable at the Office of Administrative Trials and Hearings ("OATH"), it
> provides that disciplinary proceedings for all license types shall be returnable
> there.
>
> Second, it updates the types of proceedings returnable at OATH to reflect recent
> legislation, including changes enacted as part of the New York City Construction
> Codes.

60.    Thus, before Defendant City, and/or Defendant Chandler, and/or Defendant Fisher,

and/or the "Meeting" Defendants could disqualify Plaintiff as a Special Inspector for cause, they

were required by New York City Administrative Code §28-115.2 to "give[] [Plaintiff] prior notice

of the proposed disqualification and the opportunity to contest such action (see Paragraph 46,

*supra*).

61.    Moreover, before Defendant City, and/or Defendant Chandler, and/or Defendant

Fisher, and/or the "Meeting" Defendants were required by 1 R.C.N.Y.  §105-05 (see Paragraph

49, *supra*) to provide Plaintiff with such notice and opportunity to contest its action in the form of

a petition for a full hearing at OATH, presided over by a neutral hearing officer, with attendant

procedural safeguards as per the OATH rules of practice, including but not limited to those cited

herein.

62.    These Defendants named herein did not observe these duties at law.

63.    At no time did Defendant City, and/or Defendant Chandler, and/or Defendant

Fisher, and/or the "Meeting" Defendants ever refer Plaintiff to a hearing at OATH to revoke his

Special Inspector privileges, as they were required to do by New York City Administrative Code §28-115.2 and 1 R.C.N.Y. §105-05.

64.    Instead, under color of law, Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the "Meeting" Defendants denied Plaintiff's rights to due process and equal protection of the law, by unilaterally revoking his Special Inspector privileges, without observing the requirements of New York City Administrative Code §28-115.2, 1 R.C.N.Y. §105-05, and the related laws and rules discussed herein.

65.    By failing or refusing to obey their mandate under New York City Administrative Code §28-115.2 and 1 R.C.N.Y. §105-05, Defendant City, Defendant Chandler, Defendant Fisher, and/or the "Meeting" Defendants deprived Plaintiff of a wide range of protections.

66.    DOB, the establishment of which is pursuant to New York City Charter §641, and the Commissioner of whom, i.e. Defendant Chandler, is appointed pursuant to the same section of the Charter, was and is an "agency" as defined in CAPA §1041(2) (see Paragraph 32, *supra*).

67.    The divestment of Plaintiff's Special Inspector privileges was an "adjudication" as per CAPA §1041(1) (see Paragraph 33, *supra*), in that it was "a proceeding in which the legal rights, duties or privileges of named parties are required by law [i.e. namely New York City Administrative Code §28-115.2 and 1 R.C.N.Y. §105-05] to be determined by an agency on a record and after an opportunity for a hearing."

68.    As the matter was an "adjudication," Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the "Meeting" Defendants were required by CAPA §1046 to "act, at a minimum, in accordance with the provisions set forth below," (see Paragraph 35, *supra*), including, but not limited to, the following provisions.

69.    CAPA §1046(a) requires "reasonable notice of such hearing."

70.     The November 2, 2015 "ORDER OF THE COMMISSIONER" (i.e. Defendant Chandler) violated CAPA §1046(a), in that it gave no notice to Plaintiff that the "meeting" demanded therein (see Paragraph 20, *supra*) was itself a "hearing," an "adjudication," or part of an "adjudication."

71.     The February 2, 2016 letter violated CAPA §1046(a), in that its demand for Plaintiff to contact DOB to schedule another "meeting" within three business days did not give Plaintiff notice that the proposed "meeting" was a "hearing," an "adjudication," or part of an "adjudication."

72.     The February 2, 2016 letter violated CAPA §1046(a), in that its demand for Plaintiff to contact DOB "within three (3) business days from the date of this letter" to schedule another "meeting" was not "reasonable notice."

73.     The February 8, 2016 letter violated CAPA §1046(a), in that Plaintiff was thereby stripped of his Special Inspector privileges, without ever having received "reasonable notice" of any "hearing" or "adjudication."

74.     CAPA §1046(c)(1) requires that "the parties shall be afforded due process of law, including the opportunity to be represented by counsel, to issue subpoenas or request that a subpoena be issued, to call witnesses, to cross-examine opposing witnesses and to present oral and written arguments on the law and facts."

75.     The November 2, 2015 "ORDER OF THE COMMISSIONER" violated CAPA §1046(c)(1), in that Plaintiff was not informed that he had the right "to issue subpoenas or request that a subpoena be issued, to call witnesses, to cross-examine opposing witnesses and to present oral and written arguments on the law and facts," either at the "meeting" eventually held on January 7, 2016, or at any other time.

76.     The February 2, 2016 letter violated CAPA §1046(c)(1), in that Plaintiff was not informed that he had the right "to issue subpoenas or request that a subpoena be issued, to call witnesses, to cross-examine opposing witnesses and to present oral and written arguments on the law and facts," either at the proposed "meeting" to be held "within ten (10) business days from the date of [Plaintiff's] call" [to DOB], or at any other time.

77.     The February 8, 2016 letter violated CAPA §1046(c)(1), in that Plaintiff was thereby stripped of his Special Inspector privileges, without ever having been informed that he had the right "to issue subpoenas or request that a subpoena be issued, to call witnesses, to cross-examine opposing witnesses and to present oral and written arguments on the law and facts."

78.     CAPA §1046(c)(2) states that "the party commencing the adjudication shall have the burden of proof."

79.     The November 2, 2015 "ORDER OF THE COMMISSIONER" violated CAPA §1046(c)(2), in that no burden of proof was identified to Plaintiff.

80.     The February 2, 2016 letter violated CAPA §1046(c)(2), in that no burden of proof was identified to Plaintiff.

81.     The February 8, 2016 letter violated CAPA §1046(c)(2), in that Plaintiff was thereby stripped of his Special Inspector privileges, without ever having been informed that DOB was required to meet a burden of proof.

82.     CAPA §1046(e) states that "the person presiding at a hearing shall be assigned solely to adjudicative and related duties."

83.     The January 7, 2016 "meeting" violated CAPA §1046(e), in that Defendant Burdge, Defendant Morelli, and Defendant Park are all prosecutorial attorneys of DOB, so they are not persons "assigned solely to adjudicative and related duties"; and Defendant Lynch and

Defendant Shamash are engineers employed by DOB, so they are not persons "assigned solely to adjudicative and related duties"; yet no other person "assigned solely to adjudicative and related duties" was presiding, so that the only persons present were Plaintiff and his prosecutors.

84.    The February 2, 2016 letter violated CAPA §1046(e), in that it did not inform Plaintiff of his right to have a person "assigned solely to adjudicative and related duties" to preside over any further adjudication, but instead only directed him to schedule another "meeting."

85.    The February 8, 2016 letter violated CAPA §1046(e), in that Plaintiff was thereby stripped of his Special Inspector privileges, without ever having been informed of his right to have had a person "assigned solely to adjudicative and related duties" to preside over any adjudication to revoke his privileges.

86.    CAPA §1046(f) states that "[a]ny recommended decision, final decision, determination or order shall be in writing, or stated in the record if the parties are present, and shall include findings of fact and conclusions of law."

87.    The February 2, 2016 letter violated CAPA §1046(f), in that it informed Plaintiff that DOB "intends to disqualify you from performing special inspections," without identifying any findings of facts or conclusions of law supporting that intention.

88.    The February 8, 2016 letter violated CAPA §1046(f), in that it informed Plaintiff that "YOU ARE DISQUALIFIED FROM CONDUCTING SPECIAL INSPECTIONS AND PROGRESS INSPECTIONS IN THE CITY OF NEW YORK. The Department will no longer accept TR-1 forms bearing your signature and seal in any capacity other than as the Design Applicant," without identifying any findings of facts or conclusions of law supporting that disqualification.

89.    As the divestment of Plaintiff's Special Inspector privileges was an "adjudicatory hearing" of an "agency," Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the "Meeting" Defendants were required to refer the matter to OATH, pursuant to New York City Charter §1048.

90.    New York City Charter §1049 and 48 R.C.N.Y. §1-01 required that the adjudication of charges against Plaintiff be overseen by an OATH administrative law judge.

91.    Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the "Meeting" Defendants violated New York City Charter §1048, New York City Charter §1049, and 48 R.C.N.Y. §1-01 by divesting Plaintiff of his Special Inspector privileges after a "meeting" not held at OATH, and not conducted by a neutral OATH administrative law judge.

92.    Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the "Meeting" Defendants violated 48 R.C.N.Y. §1-22, in that neither the November 2, 2015 "ORDER OF THE COMMISSIONER" nor the February 2, 2016 letter took the form of a petition; did not inform Plaintiff that he was being prosecuted for cause; and did not advise Plaintiff that he faced enumerated charges.

93.    Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the "Meeting" Defendants violated 48 R.C.N.Y. §1-22, in that neither the November 2, 2015 "ORDER OF THE COMMISSIONER" nor the February 2, 2016 letter, nor the February 8, 2016 letter, "specifically allege[d] the incident, activity or behavior at issue as well as the date, time, and place of occurrence."

94.    Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the "Meeting" Defendants violated 48 R.C.N.Y. §§1-23 and 1-24, in that neither the November 2, 2015 "ORDER OF THE COMMISSIONER," nor the February 2, 2016 letter informed Plaintiff

of his right to interpose an answer to enumerated charges; nor did the February 8, 2016 letter

inform Plaintiff that he should have had that right before Defendants stripped him of his Special

Inspector privileges.

95.     Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the

"Meeting" Defendants violated 48 R.C.N.Y. §§1-33, in that neither the November 2, 2015

"ORDER OF THE COMMISSIONER" nor the February 2, 2016 letter informed Plaintiff of his

right to make requests for production of documents, for identification of witnesses, and for

inspection of real evidence; nor did the February 8, 2016 letter inform Plaintiff that he should

have had that right before Defendants stripped him of his Special Inspector privileges.

96.     Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the

"Meeting" Defendants violated 48 R.C.N.Y. §1-43, in that neither the November 2, 2015

"ORDER OF THE COMMISSIONER" nor the February 2, 2016 letter informed Plaintiff of a

right to apply for the issuance of subpoenas *duces tecum* and *ad testificandum* in conjunction with

the adjudication; nor did the February 8, 2016 letter inform Plaintiff that he should have had that

right before Defendants stripped him of his Special Inspector privileges.

97.     The statement to Plaintiff in the February 8, 2016 letter, that "You [Plaintiff] have

15 days in which to notify the Department of all special inspections and progress inspections for

which you are currently responsible," cited to no legal authority therefor.

98.     The statement to Plaintiff in the February 8, 2016 letter that "Further, it is your

responsibility to notify anyone affected by this disqualification," cited to no legal authority

therefor.

99.     Defendant City, and/or Defendant Chandler, and/or Defendant Fisher, and/or the

"Meeting" Defendants violated 48 R.C.N.Y. §1-22, in that neither the November 2, 2015

"ORDER OF THE COMMISSIONER" nor the February 2, 2016 letter provided Plaintiff with a statement of the full relief sought by Defendants, i.e. that Plaintiff would have to notify DOB of the inspections for which he was responsible, and also "anyone affected by this disqualification."

100.    On or about March, 2016, Defendant Borough Commissioner Gluckman signed and sent letters ("the Gluckman Letters") to no fewer than fifty-six (56) persons, all of whom had initiated construction projects for which Plaintiff had contracted to perform Special Inspection services (Plaintiff's contracts for same, "the Contracts").

101.    After specifying the address and job application number to which the letter pertained, each of the Gluckman Letters stated:

> Dear Sir/Madam:
>
> The Department of Buildings (the "Department") intends to revoke the approval and permit issued in connection with the application referenced above pursuant to Sections 28-104.2.10 and 28-105.10.1 of the Administrative Code of the City of New York ("AC") within fifteen calendar days of the posting of this letter by mail unless sufficient information is presented to the Department to demonstrate that the approval and permit should not be revoked.
>
> These actions are the result of Steven Schneider. P.E., the Special Inspector for the application number indicated above, being disqualified from the performance of Special Inspections.
>
> **You must retain a new Special Inspector in order for this job to continue.**
>
> The new Special Inspector must supersede Mr. Schneider and submit to the Department an identifying TR-1 within 15 days of the date of this letter. Failure to do so will result in the issuance of a Stop Work Order and revocation of the permit for this job.
>
> If you have any questions please contact the Brooklyn Borough Office at (718) 802-3677.
>
> Sincerely.
>
> /s/
> Ira Gluckman. R.A.
> Borough Commissioner

(Boldface and underline emphasis in original).

102.    The Gluckman Letters caused many of the Contracts to be canceled, or for the counterparts to the Contracts to withhold payment from Plaintiff, including payment for services already duly rendered.

103.    The basis for the directive in the Gluckman Letters to "**retain a new Special Inspector in order for this job to continue**" (emphasis in original) was the divestment of Plaintiff's Special Inspection privileges discussed herein: "These actions are the result of Steven Schneider. P.E., the Special Inspector for the application number indicated above, being disqualified from the performance of Special Inspections."

104.    New York City Charter § 643 states that DOB "shall enforce, with respect to buildings and structures, such provisions of the building code, zoning resolution, multiple dwelling law, labor law and other laws, rules and regulations as may govern the construction, alteration, maintenance, use, occupancy, safety, sanitary conditions, mechanical equipment and inspection of buildings or structures in [Defendant City]."

105.    New York City Administrative Code Title 28, Chapter 1, Article 114 specifically commends to the Commissioner of DOB, i.e. Defendant Chandler, the oversight of Special Inspectors.

106.    As shown *supra,* Defendants were *required* by New York City Administrative Code §28-115.2 and 1 R.C.N.Y. §104-05 to refer charges to OATH and to prosecute Plaintiff at OATH, with the vast array of procedural safeguards described herein.

107.    By refusing or failing to do so, and by then depriving Plaintiff of his liberty and property interests, all Defendants subjected Plaintiff, or caused Plaintiff to be subjected, to deprivations of rights protected by the United States Constitution.

108.    The damages complained of herein all flow from said deprivations.

109.    Plaintiff has been damaged thereby in an amount to be determined at trial, but alleged to be in excess of $3 million.

## FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983:**
**Procedural Due Process of Law**
**Deprivation of Property Interest**
**Contrary to the Fifth and Fourteenth Amendments of the United States Constitution**
**As Against Individual Defendants Chandler, Fisher, Lynch,**
**Burdge, Morelli, Park, and Shamash**

110.    Paragraphs 1 through 109 are incorporated by reference as if set forth fully herein.

111.    Through the acts complained of herein, Defendants Chandler, Fisher, Lynch, Burdge, Morelli, Park, and Shamash deprived Plaintiff of property, e.g. his property interest in his registration as a New York City Special Inspector, to which he was entitled at law.

112.    Through the acts complained of herein, Defendants Chandler, Fisher, Lynch, Burdge, Morelli, Park, and Shamash deprived Plaintiff of said property interest, in derogation of his right to procedural due process of law, to which he had an absolute entitlement as per New York City Administrative Code §28-115.2 and 1 R.C.N.Y. §105-05, e.g. the presentment of formal charges for termination of his Special Inspector privileges, and a hearing at OATH to adjudicate same, with all of the attendant procedural safeguards for such a hearing.

113.    Defendants Chandler, Fisher, Lynch, Burdge, Morelli, Park, and Shamash worked said deprivation of Plaintiff's right to procedural due process under color of law, i.e. New York City Administrative Code §28-115.2, which was cited in the February 2, 2016 and February 8, 2016 letters as the purported basis for said deprivation.

114.    By virtue of the foregoing conduct, Defendants have violated Plaintiff's Fifth and Fourteenth Amendment rights to procedural due process of law, and Plaintiff is entitled to such

relief as the Court finds appropriate, including, but not limited to, declaratory relief, compensatory damages, and punitive damages.

115.    Plaintiff is also entitled to an award for reasonable expenses incurred in this litigation, declaratory relief, compensatory damages, and punitive damages, as per 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF

**42 U.S.C. § 1983:**
**Procedural Due Process of Law**
**Deprivation of Liberty Interest**
**Contrary to the Fifth and Fourteenth Amendments of the United States Constitution**
**As Against Individual Defendants Chandler, Fisher, Lynch,**
**Burdge, Morelli, Park, and Shamash**

116.    Paragraphs 1 through 115 are incorporated by reference as if set forth fully herein.

117.    Through the acts complained of herein, Defendants Chandler, Fisher, Lynch, Burdge, Morelli, Park, and Shamash deprived Plaintiff of liberty, e.g. his liberty interest in his freedom to pursue a vocation as a Special Inspector, and to enjoy the privilege of conducting business as a Special Inspector.

118.    Through the acts complained of herein, Defendants Chandler, Fisher, Lynch, Burdge, Morelli, Park, and Shamash deprived Plaintiff of said liberty interest, in derogation of his right to procedural due process of law, to which he had an absolute entitlement as per New York City Administrative Code §28-115.2 and 1 R.C.N.Y. §105-05, e.g. the presentment of formal charges for termination of his Special Inspector privileges, and a hearing at OATH to adjudicate same, with all of the attendant procedural safeguards for such a hearing.

119.    Defendants Chandler, Fisher, Lynch, Burdge, Morelli, Park, and Shamash worked said deprivation of Plaintiff's right to procedural due process under color of law, i.e. New York

City Administrative Code §28-115.2, which was cited in the February 2, 2016 and February 8, 2016 letters as the purported basis for said deprivation.

120.    By virtue of the foregoing conduct, Defendants have violated Plaintiff's Fifth and Fourteenth Amendment rights to procedural due process of law, and Plaintiff is entitled to such relief as the Court finds appropriate, including, but not limited to, declaratory relief, compensatory damages, and punitive damages.

121.    Plaintiff is also entitled to an award for reasonable expenses incurred in this litigation, declaratory relief, compensatory damages, and punitive damages, as per 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983:
### Procedural Due Process of Law
### Deprivation of Property Interest
### Contrary to the Fifth and Fourteenth Amendments of the United States Constitution
### As Against Individual Defendant Gluckman

122.    Paragraphs 1 through 121 are incorporated by reference as if set forth fully herein.

123.    By means of the Gluckman Letters, Defendant Gluckman deprived Plaintiff of property, e.g. his property interests in the Contracts, and to the payments to which he was entitled thereunder.

124.    Thereby, Defendant Gluckman deprived Plaintiff of said property interest, in derogation of his right to procedural due process of law, to which he had an absolute entitlement as per New York City Administrative Code §28-115.2 and 1 R.C.N.Y. §105-05, e.g. the presentment of formal charges for termination of his Special Inspector privileges, and a hearing at OATH to adjudicate same, with all of the attendant procedural safeguards for such a hearing.

27

125.    Defendant Gluckman worked said deprivation of Plaintiff's right to procedural due process under color of law.

126.    By virtue of the foregoing conduct, Defendant Gluckman violated Plaintiff's Fifth and Fourteenth Amendment rights to procedural due process of law, and Plaintiff is entitled to such relief as the Court finds appropriate, including, but not limited to, declaratory relief, compensatory damages, and punitive damages.

127.    Plaintiff is also entitled to an award for reasonable expenses incurred in this litigation, declaratory relief, compensatory damages, and punitive damages, as per 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF

**42 U.S.C. § 1983:**
**Deprivation of Procedural Due Process of Law**
**Contrary to the Fifth and Fourteenth Amendments of the United States Constitution**
**(*Monell* Claim)**
**As Against Defendant City**

128.    Paragraphs 1 through 127 are incorporated by reference as if set forth fully herein.

129.    Defendant City worked a deprivation of Plaintiff's right to procedural due process under color of law, i.e. New York City Administrative Code §28-115.2, which was cited in the February 2, 2016 and February 8, 2016 letters as the purported basis for said deprivation.

130.    Defendant City so deprived Plaintiff of his rights to procedural due process, as a matter of official municipal policy, by means of a policy and practice so pervasive and widespread as to practically have the force of law, e.g., DOB's "enhanced disciplinary enforcement initiative against unscrupulous construction professionals, leading to these two cases and other high-profile disciplinary actions last year that stopped work at more than 500 construction sites citywide," as described in a DOB press release about Defendant's

disqualification of Plaintiff, dated February 26, 2015 and available on the Internet as of the date of filing of the within Complaint.[1]

131.    The policy and practice, i.e. the "enhanced disciplinary enforcement initiative against unscrupulous construction professionals" had been previously described by DOB in a press release dated February 12, 2016, entitled "Amid Record Construction Boom, Mayor de Blasio Increasing Penalties for Safety Hazards, Launching New Enforcement Sweeps," in which City Mayor Bill de Blasio and Defendant Commissioner Chandler announced a series of "get-tough" measures, including that "DOB [would] seek license suspensions/revocations for those who engage in unsafe practices."

132.    The policy and practice, i.e. DOB's "enhanced disciplinary enforcement initiative against unscrupulous construction professionals," of which Defendants' prosecution of Plaintiff has been a highly-publicized part, is and has been a campaign of over-zealous and unwarranted discipline of construction professionals, possibly for the purposes of generating favorable publicity, but in any event not in service of legitimate enforcement aims.

133.    Defendant City also deprived Plaintiff of his rights to procedural due process, as a matter of official municipal policy, by and through the acts of its policymakers, e.g. Defendant Chandler, Commissioner of DOB, who is appointed by the Mayor of Defendant City pursuant to New York City Charter §641, and who is vested with discretion as a policymaker by custom, by title, and by law, e.g. New York City Charter, Chapter 26; New York City Administrative Code, Titles 27 and 28, and R.C.N.Y, Title 1; and DOB Assistant Commissioners Fisher and Lynch, and Borough Commissioner Gluckman, who are vested with discretion as policymakers by custom and by title.

---

[1] http://www1.nyc.gov/site/buildings/about/pr-bar-cons-prof-fatal-accidents.page, and *infra.*

134.    Plaintiff is entitled to such relief as the Court finds to be appropriate, including,

but not limited to, declaratory relief, compensatory damages, and punitive damages.

135.    Plaintiff is also entitled to an award for reasonable expenses incurred in this

litigation, including reasonable attorneys' fees and expert fees, as per 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF

**42 U.S.C. § 1983:**
**Deprivation of Procedural Due Process of Law**
**Contrary to the Fifth and Fourteenth Amendments of the United States Constitution**
**("Stigma-Plus")**
**As Against Defendants City and Chandler**

136.    Paragraphs 1 through 135 are incorporated by reference as if set forth fully herein.

137.    On February 26, 2016, DOB released a press release ("the DOB Press Release"),

see *supra,* which read, in pertinent part:

> For Immediate Release
> February 26, 2016
>
> **DOB BARS CONSTRUCTION PROFESSIONALS <u>INVOLVED IN FATAL</u>**
> **<u>ACCIDENTS</u>**
>
> **New York, NY** - The Department of Buildings announced today that it is
> <u>revoking the privileges of a special inspector</u> and the license of a master plumber
> <u>who were implicated in fatal accidents</u>. DOB found that the special inspector and
> the master plumber were negligent on job sites and disregarded public safety. Last
> year, DOB launched an enhanced disciplinary enforcement initiative against
> unscrupulous construction professionals, leading to these two cases and other
> high-profile disciplinary actions last year that stopped work at more than 500
> construction sites citywide.
>
> In 2011, a concrete collapse occurred at an active construction site at 2929
> Brighton 5th Avenue in Brooklyn <u>resulting in the death of one worker and</u>
> <u>injuring others</u>. In the ensuing DOB review of site conditions, Steven Schneider, a
> Professional Engineer and Special Inspector, was unable to document that he
> performed any safety inspections on site. Special inspection privileges, which
> require years of construction experience to obtain, allow a qualified individual to
> monitor, inspect, and document that a job is complying with approved plans
> throughout the development process. <u>Through its enhanced disciplinary</u>
> <u>enforcement initiative, DOB audited Schneider's job history and found that he</u>

> failed to properly perform and document inspections on numerous sites over the past few years. In addition, DOB found that Schneider failed to report hazardous conditions on at least one occasion. As a result of this misconduct, the Department has permanently revoked his Special Inspection privileges, denied renewal of his Special Inspection Agency registration and referred him to the State for further disciplinary action.

(Emphasis added).

138.    The DOB Press Release was about Plaintiff, in that it identified Plaintiff by name.

139.    The DOB Press Release was and is injurious to Plaintiff's reputation, in that it stated that he was "involved in fatal accident(s)" and "implicated in fatal accident(s)," which statements have caused Plaintiff disgrace and humiliation in connection with his profession, caused him to lose business, and stigmatized Plaintiff to the general public.

140.    Plaintiff claims that the statements in the DOB Press Release are false, and/or capable of being proven false, in that, *inter alia,* a report of the Directorate of Construction of the Occupational Safety and Health Administration, of the United States Department of Labor, dated May, 2012, found the contractor at the site at 2929 Brighton 5th Avenue, Brooklyn, New York, to be at fault for the construction death, and not Plaintiff; and in that DOB had approved the plans submitted by Plaintiff for work at this address.

141.    Along with their stigmatizing statements about Plaintiff, Defendants City and Chandler imposed a tangible and material burden on Plaintiff's liberty interest in his Special Inspector privileges, by revoking same, thereby preventing him from conducting his business and vocation as a Special Inspector.

142.    Through these actions, Defendants City and Chandler have violated Plaintiff's rights to procedural due process, as secured to Plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution.

143.    Plaintiff is entitled to such relief as the Court finds to be appropriate, including, but not limited to, declaratory relief, compensatory damages, and punitive damages.

144.    Plaintiff is also entitled to an award for reasonable expenses incurred in this litigation, including reasonable attorneys' fees and expert fees, as per 42 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF

**42 U.S.C. § 1983:**
**Substantive Due Process**
**Deprivation of Property Interest**
**Contrary to the Fifth and Fourteenth Amendments of the United States Constitution**
**As Against All Defendants**

145.    Paragraphs 1 through 144 are incorporated by reference as if set forth fully herein.

146.    Plaintiff had a valid property interest in his registration as a New York City Special Inspector, which was entitled to protection at law.

147.    The actions of Defendants, as set forth herein, deprived Plaintiff of said interest.

148.    The actions of Defendants in depriving Plaintiff of said interest constituted a gross abuse of governmental authority.

149.    Accordingly, Defendants have violated Plaintiff's rights to substantive due process, as secured to Plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution.

150.    Plaintiff is entitled to such relief as the Court finds to be appropriate, including, but not limited to, declaratory relief, compensatory damages, and punitive damages.

151.    Plaintiff is also entitled to an award for reasonable expenses incurred in this litigation, including reasonable attorneys' fees and expert fees, as per 42 U.S.C. § 1988.

## SEVENTH CLAIM FOR RELIEF

**42 U.S.C. § 1983:**
**Substantive Due Process**
**Deprivation of Liberty Interest**
**Contrary to the Fifth and Fourteenth Amendments of the United States Constitution**
**As Against All Defendants**

152.    Paragraphs 1 through 151 are incorporated by reference as if set forth fully herein.

153.    Plaintiff had a valid liberty interest in his freedom to pursue a vocation as a Special Inspector, and to enjoy the privilege of conducting business as a Special Inspector, which was entitled to protection at law.

154.    The actions of Defendants, as set forth herein, deprived Plaintiff of said interest.

155.    The actions of Defendants in depriving Plaintiff of said interest constituted a gross abuse of governmental authority.

156.    Accordingly, Defendants have violated Plaintiff's rights to substantive due process, as secured to Plaintiff by the Fifth and Fourteenth Amendments of the United States Constitution.

157.    Plaintiff is entitled to such relief as the Court finds to be appropriate, including, but not limited to, declaratory relief, compensatory damages, and punitive damages.

158.    Plaintiff is also entitled to an award for reasonable expenses incurred in this litigation, including reasonable attorneys' fees and expert fees, as per 42 U.S.C. § 1988.

## EIGHTH CLAIM FOR RELIEF

**42 U.S.C. § 1983:**
**Deprivation of Equal Protection of the Laws**
**Contrary to the Fifth and Fourteenth Amendments of the United States Constitution**
**As Against Individual Defendants Chandler, Fisher, Lynch,**
**Burdge, Morelli, Park, and Shamash**

159.    Paragraphs 1 through 158 are incorporated by reference as if set forth fully herein.

160.    Plaintiff is a member of a class of private actors subject to the enforcement of the law by Defendants.

161.    Defendants have a duty to act evenhandedly in administering the laws and regulations governing the construction industry in New York City, as between Plaintiff and other construction professionals similarly situated.

162.    Through the acts complained of herein, Defendants intentionally treated Plaintiff differently than others similarly situated, e.g., other persons possessing licenses and professional credentials and privileges regulated by DOB, by wrongfully stripping Plaintiff of his Special Inspector privileges in an irregular and improper manner, instead of proffering formal charges and prosecuting him in an administrative hearing at OATH, as mandated by law and as routinely done with dozens other professionals being disciplined by DOB.

163.    There is no rational basis for the difference in treatment between Plaintiff and others similarly situated.

164.    As a result, Defendants have deprived Plaintiff of his rights to equal protection under the law, as secured to Plaintiff by the Fourteenth Amendments to the United States Constitution.

165.    Plaintiff is entitled to such relief as the Court finds to be appropriate, including, but not limited to, declaratory relief, compensatory damages, and punitive damages.

166.    Plaintiff is also entitled to an award for reasonable expenses incurred in this litigation, including reasonable attorneys' fees and expert fees, as per 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a)    A declaration that the Defendants' actions were illegal and unconstitutional as violating the Fifth and Fourteenth Amendments of the United States Constitution;

(b)    A declaration that Defendants intentionally, under color of law, deprived Plaintiff of rights secured to him by the Fifth and Fourteenth Amendments of the United States Constitution;

(c)    An award to Plaintiff of compensatory damages against all Defendants, in an amount to be determined at trial, but believed to be at least $3,000,000;

(d)    An award to Plaintiff of punitive damages against Defendants for illegal and unconstitutional acts;

(e)    An award to Plaintiff of reasonable expenses of this litigation, including, but not limited to, attorneys' fees and expert fees; and

(f)    Such other and further relief as this Court may deem just and appropriate.

Dated: New York, New York                    Respectfully submitted,
       August 18, 2016

KLEIN SLOWIK PLLC
By: CHRISTOPHER M. SLOWIK, ESQ.
90 Broad Street, Suite 602
New York, NY 10004
(212) 564-7560
cslowik@buildinglawnyc.com