UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
STEVEN SCHNEIDER, P.E., and         :
SCHNEIDER ASSOCIATES,               :          16cv6560(DLC)
                                    :
                      Plaintiffs,:              OPINION & ORDER
                                    :
            -v-                     :
                                    :
COMMISSIONER RICK D. CHANDLER, P.E. :
in his individual and official      :
capacities, ASSISTANT COMMISSIONER  :
ALEXANDRA FISHER, ESQ. in her       :
individual and official capacities, :
ASSISTANT COMMISSIONER TIMOTHY      :
LYNCH, P.E. in his individual and   :
official capacities, MATTHEW BURDGE,:
ESQ. in his individual and official :
capacities, MICHAEL MORELLI, ESQ. in:
his individual and official         :
capacities, RONALD PARK, ESQ. in his:
individual and official capacities, :
YEGAL SHAMASH, P.E. in his          :
individual and official capacities, :
AISHA NORFLETT in her individual and:
official capacities, BOROUGH        :
COMMISSIONER IRA GLUCKMAN, R.A. in   :
his individual and official         :
capacities, BOROUGH COMMISSIONER    :
WENER DeFOE, R.A. in his individual :
and official capacities, BOROUGH    :
COMMISSIONER DEREK LEE, R.A. in his :
individual and official capacities, :
BOROUGH COMMISSIONER MARTIN REBHOLZ,:
R.A. in his individual and official :
capacities, THE CITY OF NEW YORK,   :
and JOHN AND JANE DOES NOS. 1-10,   :
                                    :
                      Defendants.:
                                    :
------------------------------------X

APPEARANCES

For the plaintiffs:
Christopher M. Slowik
Klein Slowik PLLC
90 Broad Street, Suite 602
New York, NY 10004

For the defendants:
Sheryl Neufeld
Nicholas Ciapetta
Samantha Schonfeld
Zachary W. Carter
Corporation Counsel for the City of New York
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

Plaintiffs Steven Schneider and Schneider Associates were disqualified from inspecting construction sites for the City of New York ("City") prior to the commencement of an administrative hearing before the City's Office of Administrative Trials and Hearings ("OATH"). They bring this action pursuant to 42 U.S.C. § 1983 alleging violations during that interim period of their procedural and substantive due process rights, and of their equal protection rights. The defendants have moved to dismiss the second amended/supplemental complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

## Background

The following facts are drawn from the SAC.  Steven
Schneider is a professional engineer licensed by the State of
New York.  Until the events giving rise to the instant dispute,
Schneider was credentialed as a Special Inspector by the City
Department of Buildings ("DOB").  Schneider is also the sole
proprietor of Schneider Associates, a firm that, also until the
events giving rise to this dispute, was credentialed by DOB as a
Special Inspection Agency ("SIA").

The title of Special Inspector is awarded by the City to
individuals with certain professional and educational
qualifications in architecture or engineering.  Special
Inspectors inspect construction sites to ensure compliance with
the standards of the City Building Code.  The City awards the
title of SIA to entities that comply with the City's regulations
and employ at least one Special Inspector.

In October 2015, Schneider Associates applied to the City
to renew its application as an SIA.  On November 2, DOB sent a
letter to Schneider Associates directing it to produce within
ten business days "[a]ll documents pertaining to" seven job
applications submitted by Schneider to DOB for special
inspections in Brooklyn and Queens.  This letter also directed
Schneider to appear in person at DOB for "a meeting to review

the aforementioned inspections, associated documentation, as well as [his] qualifications to perform such inspections."

The meeting between Schneider and DOB took place on January 7, 2016, with Schneider accompanied by counsel. DOB was represented at the meeting by Commissioner Matthew Burdge, Special Enforcement Unit attorney Michael Morelli, Special Enforcement Unit attorney Ronald Park, Assistant Commissioner Timothy Lynch, and Investigative Engineering Services Unit engineer Yegal Shamash, each of whom works for DOB and is a defendant in this action (collectively, with Deputy Commissioner of Legal Affairs Alexandra Fisher and Executive Director of Licensing and Exams Aisha Norflett, the "DOB Defendants"). At this meeting, the five defendants asked Schneider questions for several hours regarding the seven inspections listed in the November 2 letter. Schneider was not informed that DOB regarded the January 7 meeting as part of a proceeding to disqualify him as a Special Inspector.

On February 2, 2016, Schneider received a letter from DOB signed by Burdge informing Schneider that DOB had "significant concerns as to [Schneider's] fundamental understanding of the responsibilities of a special inspector and [his] ability to properly conduct special inspections" and that "[t]he documents . . . and the information provided [by Schneider to DOB] during

the [January 7] meeting[] were insufficient to address" DOB's

concerns.  The February 2 letter further stated:

> Based on these concerns relating to your performance
> of special inspections, <u>the New York City Department
> of Buildings intends to disqualify you from performing
> special inspections in accordance with § 28-115.2 of
> the Administrative Code of the City of New York</u>.  This
> letter shall serve as your notice of this proposed
> action.  If you choose to contest the proposed action,
> <u>within three (3) business days from the date of this
> letter</u> you must contact [a DOB employee] to schedule a
> meeting.  Such meeting shall take place <u>within ten
> (10) business days from the date of your call</u>, and you
> must personally appear for the meeting.  The meeting
> will be recorded and you may bring legal counsel if
> you wish.  If you wish to provide additional documents
> for this meeting, copies must be delivered no later
> than five (5) days prior to the scheduled meeting
> date, directly to the attention of [Burdge].
>
> . . . .
>
> Should you fail to contact [DOB] within the specified
> time or appear for a meeting within the specified
> time, the Department will disqualify you from
> performance of special inspections.

(Emphasis in original).

Three business days later, on February 8, DOB sent

Schneider a third letter, notifying Schneider that DOB "ha[d]

not received a meeting request within the allocated time to

contest the proposed action," and that, "<u>[a]ccordingly,

beginning immediately, YOU ARE DISQUALIFIED FROM CONDUCTING

SPECIAL INSPECTIONS AND PROGRESS INSPECTIONS IN THE CITY OF NEW

YORK.  The Department will no longer accept TR-1 forms bearing

your signature and seal in any capacity other than as the Design</u>

Applicant." (Emphasis in original).  The letter further stated

that Schneider had "15 days in which to notify the Department of

all special inspections and progress inspections for which [he

was] currently responsible" and that it was Schneider's

"responsibility to notify anyone affected by this

disqualification." (Emphasis in original).

Then, on February 19, DOB issued a letter to Schneider and

Schneider Associates informing them that Schneider Associates'

application to renew its SIA registration was denied based on

the "deficiencies in [Schneider's] performance of specific

special inspections" identified in DOB's February 2 letter.  On

February 26, a press release entitled "DOB BARS CONSTRUCTION

PROFESSIONALS INVOLVED IN FATAL ACCIDENTS" was posted on DOB's

official website ("Press Release").  (Emphasis in original).

The Press Release stated as follows:

> The Department of Buildings announced today that it is
> revoking the privileges of a special inspector and the
> license of a master plumber who were implicated in
> fatal accidents.  DOB found that the special inspector
> and the master plumber were negligent on job sites and
> disregarded public safety.  Last year, DOB launched an
> enhanced disciplinary enforcement initiative against
> unscrupulous construction professionals, leading to
> these two cases and other high-profile disciplinary
> actions last year that stopped work at more than 500
> construction sites citywide.
>
> In 2011, a concrete collapse occurred at an active
> construction site at 2929 Brighton 5th Avenue in
> Brooklyn resulting in the death of one worker and
> injuring others.  In the ensuing DOB review of site
> conditions, Steven Schneider, a Professional Engineer

and Special Inspector, was unable to document that he
performed any safety inspections on site.  Special
inspection privileges, which require years of
construction experience to obtain, allow a qualified
individual to monitor, inspect, and document that a
job is complying with approved plans throughout the
development process.  Through its enhanced
disciplinary enforcement initiative, DOB audited
Schneider's job history and found that he failed to
properly perform and document inspections on numerous
sites over the past few years.  In addition, DOB found
that Schneider failed to report hazardous conditions
on at least one occasion.  As a result of this
misconduct, the Department has permanently revoked his
Special Inspection privileges, denied renewal of his
Special Inspection Agency registration and referred
him to the State for further disciplinary action.

Plaintiffs have named as John or Jane Doe defendants the as-yet

unidentified DOB employee or employees who created and posted

the Press Release.

In March 2016, the remaining defendants, Brooklyn Borough

Commissioner Ira Gluckman, Bronx Borough Commissioner Werner

DeFoe, Queens Borough Commissioner Derek Lee, and Manhattan

Borough Commissioner Martin Rebholz ("Borough Commissioner

Defendants") sent letters to approximately 122 persons for whom

plaintiffs had contracted to perform special inspections ("March

Letters").  Each of the March Letters identified the address and

application number associated with the construction project and

stated, in part, as follows:

> The Department of Buildings (the "Department") intends
> to revoke the approval and permit issued in connection
> with the referenced application above . . . within
> fifteen calendar days . . . unless sufficient
> information is presented to the Department to

> demonstrate that the approval and permit should not be revoked.
>
> These actions are the result of Steven Schneider, P.E., the Special Inspector for the application number indicated above, being disqualified from the performance of Special Inspections.
>
> <u>You must retain a new Special Inspector in order for this job to continue.</u>

(Emphasis in original).  Most of the construction projects to which these letters were sent were not the seven identified to Schneider by DOB in its previous letters.  After the March Letters were sent, many of the parties with whom plaintiffs had contracted for special inspection services cancelled those contracts.  In addition, some contract counterparties have withheld payments owed to plaintiffs for work the plaintiffs had completed prior to the disqualifications.

On October 11, 2016, DOB issued a letter to Schneider stating that Schneider's "Special Inspector privileges are hereby restored, effective immediately."  The next day, on October 12, DOB filed a formal petition against Schneider, initiating an administrative hearing to revoke Schneider's Special Inspector status before OATH.

## Procedural History

Plaintiffs filed their original complaint in the present action on August 18, 2016.[1]  On November 15, plaintiffs moved for a temporary restraining order and a preliminary injunction to prevent the OATH hearing, scheduled for November 18, from taking place.  The Honorable Jesse Furman, to whom this action was then assigned, denied the motion at a hearing that day.

After the defendants filed a motion to dismiss on December 14, 2016, plaintiffs filed a first amended complaint on January 17, 2017.  The plaintiffs filed the operative pleading, the SAC, on January 24, 2017.

In the SAC, the plaintiffs assert under 42 U.S.C. § 1983 that the individual defendants unconstitutionally deprived them of property and liberty interests in violation of the Due Process Clause of the Fourteenth Amendment, arising out of the manner in which DOB disqualified Schneider from performing special inspections and denied Schneider Associates' SIA renewal application, and deprived Schneider of his equal protection rights by treating him differently than similarly situated Special Inspectors.  The plaintiffs also bring two claims against the City under Monell v. Dep't of Soc. Servs., 436 U.S.

---

[1] Plaintiffs have also challenged DOB's actions in a proceeding in New York state court, under Article 78 of the New York Civil Practice Law and Rules.

658 (1978), on government custom and negligent training theories.

Defendants moved to dismiss the SAC in its entirety on May 1, 2017.  This motion became fully submitted on June 27.  On July 29, plaintiffs requested that the Court disregard the report and recommendation from the OATH proceeding that defendants attached as an exhibit to their reply papers.[2]  On November 7, 2017 this matter was reassigned from Judge Furman.

## Discussion

In order to survive a motion to dismiss, "a complaint must plead specific facts sufficient to support a plausible inference that the defendant is liable for the misconduct alleged."  Doe v. Columbia University, 831 F.3d 46, 54 (2d Cir. 2016).  A court must "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor."  Tongue v. Sanofi, 816 F.3d 199, 209 (2d Cir. 2016) (citation omitted).

"A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents

---

[2] The OATH hearing took place over two days in February 2017, and on May 25, 2017 the OATH administrative law judge issued a report and recommendation that recommended Schneider be disqualified from performing special inspections.  DOB adopted the report, thereby revoking Schneider's registration as a Special Inspector, on May 30, 2017.

incorporated in it by reference." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016) (citation omitted). "Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citation omitted). "A necessary prerequisite for taking into account materials extraneous to the complaint is that the plaintiff rely on the terms and effect of the document in drafting the complaint; mere notice or possession is not enough." Nicosia, 834 F.3d at 231 (citation omitted) (emphasis in original).

The parties agree that the series of letters sent by DOB to Schneider on November 2, 2015, and on February 2, 8, and 19, 2016, the March Letters issued by the Borough Commissioner Defendants, and the Press Release issued by DOB on February 26, 2016, are integral to the SAC. Other documents attached to the defendants' motion papers will not be considered. They are Schneider Associates' SIA renewal application, the May 27, 2017 OATH report recommending that DOB disqualify Schneider from performing special inspections, and two complaints filed in the United States District Court for the Southern District of New York.

I. Schneider's Procedural Due Process Claims

The defendants have moved to dismiss the procedural due process claims brought by Schneider.  Schneider asserts that his procedural due process rights were violated when he was not provided, prior to being disqualified as a Special Inspector on February 8, 2016, with notice of the formal charges, a hearing before a neutral adjudicator such as OATH, and other procedural protections such as the power to issue subpoenas and the power to call, examine, and cross-examine witnesses.

"In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest."  Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011) (loss of taxi driver's license upon arrest).  For the purposes of their motion to dismiss, the defendants do not contest that Schneider has a protected property interest in his Special Inspector privileges. Accordingly, the sole question is whether the process provided to Schneider prior to February 8, 2016, as it is alleged in the complaint, was constitutionally adequate.

To determine what process is due and whether the process given was adequate, a court balances three factors:

> First, the private interest that will be affected by
> the official action; second, the risk of an erroneous
> deprivation of such interest through the procedures

> used, and the probable value, if any, of additional or
> substitute procedural safeguards; and finally, the
> Government's interest, including the function involved
> and the fiscal and administrative burdens that the
> additional or substitute procedural requirement would
> entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).  While a

predeprivation hearing is generally required before an

individual is deprived of property rights, the Mathews test is

used to determine "whether to tolerate an exception."  Nnebe,

644 F.3d at 158 (citation omitted).

Regarding the first factor, the interest in "pursuing a

particular livelihood" is "strong."  Spinelli v. City of New

York, 579 F.3d 160, 171 (2d Cir. 2009).  The Second Circuit has

recognized that the "interim period between erroneous

deprivation and reinstatement can be financially devastating"

and, as such "a licensee erroneously deprived of a license

cannot be made whole simply by reinstating the license."  Id.

(citation omitted).

As for the second factor, the risk of erroneous deprivation

and the probable value of additional procedures, courts consider

both the significance of the pre- and postdeprivation process.

See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 n.12

(1985) (post-termination procedures are relevant).  In the

somewhat analogous situation, where a tenured public employee is

discharged, the Second Circuit has held that due process did not

require a pretermination hearing before a neutral adjudicator because an Article 78 proceeding "constitutes a wholly adequate post-deprivation hearing for due process purposes." Locurto v. Safir, 264 F.3d 154, 175 (2d Cir. 2001) (police officer and fire fighters discharged after appearing on racist police float).

The government's interest includes both the cost to the government of providing additional procedures and the interest motivating the property deprivation itself. See Mathews, 424 U.S. at 335. One important government interest, for instance, is promoting public safety. See Ferrari v. Cty. of Suffolk, 845 F.3d 46, 60-62 (2d Cir. 2016) (seizure of vehicles whose drivers had repeatedly driven recklessly or while intoxicated).

The motion to dismiss is granted as to the procedural due process claims in Counts 1 and 2 alleging that the DOB Defendants revoked Schneider's Special Inspector privileges without due process of law. The plaintiffs' theory of deprivation is that the DOB Defendants violated Schneider's due process rights on February 8, 2016 -- the date DOB disqualified him from conducting special inspections -- principally by not providing him with formal charges and a hearing before a neutral adjudicator such as OATH before doing so. The first Mathews factor favors Schneider; Schneider's interest in pursuing his chosen career of Special Inspector is constitutionally significant. The second and third factors, however, favor

14

defendants.  Schneider was entitled to contest his disqualification through an Article 78 postdeprivation proceeding.  Moreover, the City's interest in protecting public safety at building sites is significant.

Given the availability of the Article 78 hearing, it is unnecessary to decide precisely what predeprivation process Schneider was due.  It is worth noting, however, that he was given both notice and an opportunity to be heard while represented by counsel in advance of the February 8, 2016 decision.  Although DOB's November 2, 2015 letter did not specify that the January 7, 2016 meeting was part of a disqualification process, that letter did note that DOB intended to "review . . . [Schneider's] qualification to perform [special] inspections."  And the February 2, 2016 letter provided written notice of DOB's intent to disqualify Schneider, listed five grounds for disqualification, and gave Schneider three business days to request a meeting to contest the proposed disqualification.  That meeting would have taken place in person and on the record, and Schneider would have been entitled to bring legal counsel and provide evidence.

To the extent that Schneider bases his due process claim on the DOB Defendants' failure to follow City regulations when revoking Schneider's Special Inspector privileges on February 8, his argument is misplaced.  Citing the Accardi doctrine,

15

Schneider asserts that City regulations required DOB to provide an OATH hearing and other procedural protections before disqualifying Schneider.  The _Accardi_ doctrine is a "principle[] of federal administrative law rather than of constitutional law binding upon the States."  Bd. of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 921 n.8 (1978).  It requires federal agencies to adhere to their own procedural regulations.  See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954).  Section 1983, under which this suit is brought, allows plaintiffs to enforce federal constitutional or statutory rights.  See Sykes v. Bank of Am., 723 F.3d 399, 406 (2d Cir. 2013).  The DOB Defendants' alleged disregard of the City's regulations is not relevant to a Section 1983 claim except to the extent that the process provided fell short of the minimum required by due process.  Because the SAC does not plead a constitutionally deficient process, counts 1 and 2 of the SAC are dismissed.

II. Schneider Associates' Procedural Due Process Claim

Schneider Associates contends it was deprived of due process when its application to renew its registration was denied.  Schneider Associates asserts that it was entitled to the presentment of formal charges and an OATH hearing before any denial decision.  The defendants have moved to dismiss the procedural due process claims brought by Schneider Associates on

the ground that Schneider Associates had no protectable property interest that gave rise to due process protections.

Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). "When alleging a property interest in a public benefit, the plaintiff must show a legitimate claim of entitlement to such interest that is grounded in established law." Spinelli, 579 F.3d at 169 (citation omitted). Thus, if the decision whether to grant or deny an application for a license renewal is committed to agency discretion, the Fourteenth Amendment does not protect the applicant's interest in that license. See N.Y. State Prof'l Process Servers Ass'n, Inc. v. City of New York, No. 14 Civ. 1266 (DLC), 2014 WL 4160127, at *8 (S.D.N.Y. Aug. 18, 2014), aff'd sub nom. Clarke v. de Blasio, 604 F. App'x 31 (2d Cir. 2015); see also Spinelli, 579 F.3d at 169 (noting that "there may be no protected property interest where the licensor has broad discretion to revoke the license").

Schneider Associates did not have a property interest in the renewal of its SIA registration. The City administrative code does not specify any standards for approving applications to renew SIA registration. See R.C.N.Y. § 101-06(c). In fact, the only constraint on the City's discretion regarding renewal

applications is a negative constraint, namely that "[r]enewal will be precluded where there has been a finding by the commissioner that any special inspection or test conducted by the special inspector or special inspection agency has not been performed in accordance with the requirements set forth in the code." R.C.N.Y. § 101-06(c)(10)(i). Thus, Count 3 of the complaint is dismissed.

III. Plaintiffs' Due Process Claim Based on the Loss of Contracts

In Count 4, the plaintiffs seek damages from the Borough Commissioner Defendants for the loss of their contracts with third parties after those defendants sent the March Letters to those third parties. The plaintiffs assert that they were entitled to an OATH hearing before such letters could be sent.

Assuming plaintiffs possessed a protectable property interest in the contracts to perform special inspections, plaintiffs have not shown how the March Letters are anything other than a logical consequence of the deprivation of Schneider's Special Inspector status, which for the reasons explained above comported with due process. The City requires special inspections for certain building projects; once Schneider was disqualified from performing those inspections, the building permits that relied on his special inspection services could no longer do so. Because the underlying

18

disqualification comported with due process, the notification to third parties of this disqualification and its effect on their building permits is not unconstitutional. Finally, to the extent that Schneider's contracting counterparties have failed to compensate him for work performed prior to their receipt of the March Letters, that conduct is not fairly traceable to the March Letters, which are solely prospective in nature. Accordingly, Count 4 is dismissed.

IV. Stigma-Plus Claim

Schneider asserts that the Press Release contained false information which stigmatized him and caused him to lose business. He asserts that its publication constituted a "stigma-plus" violation of his procedural due process rights. The defendants have moved to dismiss Schneider's stigma-plus due process claim on the ground that an Article 78 proceeding provided him with an adequate opportunity to clear his name.

To state a claim that his liberty interests were violated on a stigma-plus theory, Schneider must allege

> (1) the utterance of a statement about [him] that is injurious to [his] reputation, that is capable of being proved false, and that he . . . claims is false, and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement.

Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005) (citation omitted). "[T]he availability of adequate process defeats a stigma-plus claim." Segal v. City of New York, 459 F.3d 207,

213 (2d Cir. 2006).  As in other due process contexts, the key question is whether Schneider was given "the right to be heard at a meaningful time and in a meaningful manner."  Id. (citation omitted).  In the context of at-will government employees, and relying on the balancing test enunciated in Mathews v. Eldridge, 424 U.S. 319 (1976), the Second Circuit has held that an "Article 78 proceeding provides the requisite post-deprivation process . . . ."  Anemone v. Metropolitan Transp. Auth., 629 F.3d 97, 121 (2d Cir. 2011).

Assuming that the Press Release constitutes a defamatory statement sufficient to state a stigma-plus claim, Schneider fails to state a claim.  The Press Release followed the February 8, 2016 notice to Schneider that he had been disqualified by DOB from conducting special inspections.  The Press Release advised the public of that disqualification.  Accordingly, as was true for the procedural due process claims Schneider brings in Counts 1 and 2, the Article 78 review process afforded him all of the process to which he was due.  Count 6 of the SAC is therefore dismissed.

V. Monell Claims

The defendants have moved to dismiss Counts 5 and 7 of the SAC, which are Monell claims brought against the City premised on the liability of City officials for violating the plaintiffs' procedural due process rights.  "Liability under section 1983 is

imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has tortiously injured the plaintiff." Askins v. Doe No. 1, 727 F.3d 248, 253 (2d Cir. 2013). Because the plaintiffs have failed to state a claim for any of the predicate constitutional torts pleaded in the SAC, their Monell claims fail. As a result, Counts 5 and 7 are dismissed.

VI. Substantive Due Process

The defendants have moved to dismiss the plaintiffs' substantive due process claims, which assert that the defendants' actions to disqualify the plaintiffs constituted a gross abuse of governmental authority. "Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill advised." Cunney v. Bd. of Trustees of Village of Grand View, N.Y., 660 F.3d 612, 626 (2d Cir. 2011) (citation omitted). "[W]hile a procedural due process claim challenges the procedure by which a removal is effected, a substantive due process claim challenges the fact of the removal itself." Southerland v. City of New York, 680 F.3d 127, 142 (2d Cir. 2012) (citation omitted).

Taking the allegations in the SAC as true, plaintiffs have not pleaded a violation of their substantive due process rights.

There is nothing conscience-shocking in the manner in which Schneider or Schneider Associates were disqualified or in the act of disqualification.  Schneider was informed in advance of DOB's intention and both were disqualified by letter.  As a result, Counts 8 and 9 of the SAC are dismissed.

VII. Class-of-One Equal Protection Claim

Lastly, the defendants have moved to dismiss plaintiffs' equal protection claim, which alleges that DOB treated plaintiffs differently than other, similarly situated Special Inspectors and SIAs in the manner they disqualified Schneider and Schneider Associates.  To state a claim for a violation of their equal protection rights, plaintiffs must allege that

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate governmental policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

Fahs Const. Grp., Inc. v. Gray, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam) (citation omitted).  If a plaintiff fails to allege comparators "sufficiently similar" who were treated differently, they fail to state a class-of-one equal protection claim. Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 60 (2d Cir. 2010).

The plaintiffs' equal protection claim fails because they have not identified comparators.  Their "[t]hreadbare recital[] of the elements of [the class-of-one] cause of action, supported by mere conclusory statements, do[es] not suffice" to state a claim.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Count 10 of the SAC is dismissed.

## Conclusion

The defendants' May 1, 2017 motion to dismiss is granted. The second amended/supplemental complaint is dismissed with prejudice.  The Clerk of Court shall enter judgment for the defendants and close the case.


Dated:    New York, New York
          February 7, 2018

                    _____
                            DENISE COTE
                    United States District Judge